ELIZABETH F. PEDDECORD

*v.*

ISABELLA VENNIGERHOLZ *et al.*

*Opinion filed December 22, 1904.*

PRACTICE—*when denial of motion to set aside order of dismissal
is proper.* Denial of a motion to set aside an order of dismissal for
want of prosecution will be upheld where the dilatory course pur-
sued by the complainant during the entire period the suit was pend-
ing clearly shows that she did not desire to have the case heard and
determined but desired it should remain pending for some ulterior
·purpose.

WRIT OF ERROR to the Circuit Court of Macon county;
the Hon. W. C. JOHNS, Judge, presiding.

I. A. BUCKINGHAM, (LEMON & LEMON, of counsel,)
for plaintiff in error.

HUGH CREA, CHARLES C. LEFORGEE, and HUGH W.
HOUSUM, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The circuit court of Macon county ordered that the bill
in chancery filed by the plaintiff in error to contest the will
of Jasper J. Peddecord, deceased, should be dismissed for
want of prosecution, and the entry of the order is assigned
as for error.

The bill was filed on the 20th day of September, 1900.
On the 21st day of the same month service of summons was
had on all of the defendants except Emeline W. Rurode, who
was a non-resident of the State. The complainant proceeded
to obtain service on her by publication and mailing of a no-
tice to her, etc., and on the 19th day of January, 1901, a
general demurrer was filed to the bill on behalf of all of the
defendants thereto. The cause was continued from term to
term, without any effort on the part of any of the parties to

have the demurrer decided, for more than two years. At the May term, 1903, the cause was continued on motion of the plaintiff in error, without any action on her part to have the demurrer disposed of or have the cause brought to a hearing, either on issues of law or fact. No further steps were taken in the case until December 18, 1903, when the plaintiff in error, complainant below, suggested the death of Richard G. Peddecord, one of the defendants to the bill and who was nominated executor in the will sought to be contested, and asked for and was granted leave to make Michael F. Kanan, executor of said Richard G. Peddecord, deceased, a party defendant to the bill. It does not appear that the bill was amended introducing the said Kanan, executor, etc., as defendant, or that summons was issued to be served upon him, or that any effort whatever was made to bring him within the jurisdiction of the court. This was the condition of the record when the January term, 1904, of the circuit court of Macon county was convened. On the 31st day of said January term, being the 19th day of February, 1904, on a regular call for trial of the cases on the chancery docket, this cause was reached and called, and then it was that the order was entered dismissing the proceeding for want of prosecution. The plaintiff in error took no action in the proceeding until the 4th day of April, 1904, when, the said January term of said court still being in session, being the forty-first day of said term, she caused a motion to be entered to set aside the order dismissing the cause, which, as aforesaid, had been entered on the 19th day of February, 1904. The court denied the motion.

We are unable to say this action of the court was improper or inconsiderate. The record, considered as a whole, discloses inexcusable delay and gross negligence on the part of the plaintiff. She permitted the cause to stand for two years and seven months, during which time all defendants to the bill were living and were before the court. She suggested the death of one of the defendants and obtained leave

to make the necessary new party, but did not amend her bill under the order granting leave or procure summons to be issued or otherwise attempt to bring in the necessary new defendant. Her solicitors were advised, as appears from the record, at the October term, 1903, that the chancery docket would be called for trial during that term, after the criminal and common law cases had been once called for hearing, and at the beginning of the January term the court again advised counsel that the chancery cases would be called for trial after the first call of criminal and common law cases. The cause was called for trial on the 31st day of the January term, being the 19th day of February, 1904, and no steps had yet been taken to prepare the case for presentation or for hearing, either upon issues of law or fact. On this day the order of dismissal was entered. No effort was made to have the order vacated until the 4th day of April, which was the forty-first day of the term, and being forty-four days after the order of dismissal had been entered and being the last day but one before the adjournment of the court for the term. Had the motion to set aside the order of dismissal been entered at an earlier day, so that the cause could have been heard during the term, it would have been entitled to greater consideration. The delay in not asking the vacation of the order until the close of the court was consistent with the dilatory course pursued by the plaintiff in error during all the time of the pendency of the suit, and we can but repeat that, when the whole record is considered, the chancellor was justified in concluding that the plaintiff in error did not desire to have the cause heard and determined, but desired it should remain pending for some ulterior purpose. It was properly dismissed for want of prosecution.

The judgment is affirmed.                    *Judgment affirmed.*